tion between them and to move the plaintiff's property from the premises. The defendant denied the execution of the ten-year lease and alleged that his only agreement with the plaintiff expired on 1 May, 1928.

The restraining order was continued and the defendant appealed. In this we think there was no error. The correspondence, exhibits and affidavits are not sufficiently definite for us to determine therefrom that the defendant is entitled as a matter of law to have the restraining order dissolved. The judgment is

Affirmed.

---

SWIFT & COMPANY v. J. W. BRINSON.

(Filed 14 September, 1927.)

CIVIL ACTION before *Daniels, J.,* at March Term, 1927, of CURRITUCK. The plaintiffs brought a suit against the defendant upon a note for $296.69, dated 3 February, 1923. The note was given for the purchase price of fertilizer for sweet potatoes.

The defendant alleged that the fertilizer furnished by the plaintiffs was absolutely worthless and of no value or benefit to the crops.

The evidence disclosed that the defendant had executed an original note to the plaintiffs in payment of said fertilizer in the year 1922, and that the note upon which suit was brought was a renewal thereof. It further appeared that the crop matured in July or August, 1922.

The following issue was submitted to the jury: Did the plaintiffs fail to deliver to the defendant commercial fertilizer of the analysis guaranteed on the bag in accordance with their contract? The jury answered the issue, "Yes."

The trial judge declined to sign judgment for the defendant, but, upon the admissions in the record, entered judgment for the plaintiffs, from which judgment the defendant appealed.

*Ehringhaus & Hall for plaintiffs.*
*Aydlett & Simpson for defendant.*

PER CURIAM. This case is governed by the rules of law announced in the companion case of *Barco v. Forbes, ante,* 204.

Judgment affirmed.